Filed 6/29/22  P. v. Gulley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092839 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F06339) |
| v. | |
| RENECHA MARINA GULLEY, | |
| Defendant and Appellant. | |

In September 2006, a jury found defendant Renecha Marina Gulley guilty of assault and second degree murder.  The trial court sentenced defendant to 25 years to life on the assault count and stayed an additional term of 15 years to life on defendant's conviction for second degree murder.

1

In February 2019, defendant filed a petition for resentencing under Penal Code section 1170.95.[1]  The trial court found defendant ineligible for relief because the factual summary in this court's prior opinion indicated the jury could have found defendant guilty of murder under a direct aider and abettor theory.

Defendant timely appealed and now contends the trial court erred in determining defendant failed to state a prima facie case.  The People concede the issue and agree the matter should be remanded for further proceedings.  We accept the People's concession.

BACKGROUND

On February 27, 2019, defendant filed a petition for resentencing pursuant to section 1170.95.  The People filed a response and moved the trial court to dismiss the petition.  Defendant then filed her reply.  After quoting extensively from this court's prior opinion affirming defendant's conviction, the court denied defendant's petition without issuing an order to show cause.

In reaching its decision, the trial court found that although the jury "was instructed on both direct aiding and abetting and the natural and probable consequences doctrine, there was sufficient evidence for a juror to have found defendant . . . guilt[y] based on an implied malice theory . . . .  As this could have occurred, defendant . . . is not eligible to seek relief from her second degree murder conviction under Penal Code [section] 1170.95."

The court further explained it was not weighing evidence or making credibility determinations but was "undertaking a review of the Third District's appellate opinion and the sufficiency of the evidence presented at trial that would allow a jury to conclude, beyond a reasonable doubt, that defendant . . . is guilty of second degree murder based on

---

[1]  Undesignated statutory references are to the Penal Code.

2

a theory of implied malice." Thus, the court concluded, defendant failed to "set forth a prima facie case for relief" and did not issue an order to show cause.

## DISCUSSION

Defendant contends the trial court erred by denying her petition without issuing an order to show cause and conducting an evidentiary hearing. The People concede the issue.

### A. *Legal Principles*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

As amended, section 1170.95, subdivision (a) allows a petitioner to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced . . . when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be

3

convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (c) of section 1170.95 sets forth the process for the trial court to consider such a petition. Under section 1170.95, subdivision (c), the court must appoint counsel, provide an opportunity for briefing, and then determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958 (*Lewis*).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

Section 1170.95, subdivision (c) requires only a single prima facie showing and entitles the petitioner to the appointment of counsel upon the filing of a facially sufficient petition. (*Lewis, supra,* 11 Cal.5th 952.) Once the court has appointed counsel and received briefing from the parties, it may rely on the record of conviction in determining whether that single prima facie showing has been made. (*Id*. at p. 971.) The record of conviction includes a prior appellate court opinion, although such an opinion may not supply all necessary answers. (*Id*. at p. 972.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)

"Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis*, *supra*,

4

11 Cal.5th at p. 971; see also *Drayton*, *supra*, 47 Cal.App.5th at p. 978.) Once the trial court issues an order to show cause, it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subdivision (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2); *Drayton*, at pp. 980-981.)

Although a court should not reject a petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing (*Lewis*, *supra*, 11 Cal.5th at p. 971), the court need not credit factual assertions that are untrue as a matter of law (*Drayton*, *supra*, 47 Cal.App.5th at p. 980). Thus, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971; *Drayton*, at p. 979.)

B.    *Analysis*

The trial court here denied defendant's petition after reviewing this court's prior opinion on appeal. The court determined the facts as presented in our opinion were sufficient to establish defendant was not entitled to resentencing. The court reasoned that because there was sufficient evidence to convict defendant of second degree murder based on an implied malice theory, defendant could still be convicted of second degree murder after the changes to sections 188 and 189. This was error.

In support of her resentencing petition, defendant alleged she was convicted of second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. At trial, the jury was instructed on the natural and probable consequences doctrine as well as the theories of direct aiding and abetting and implied malice in order to find defendant guilty of second degree murder. Thus, whether defendant *could have been* convicted of second degree murder on an implied malice theory, as the trial court concluded, the record does not belie defendant's allegation that

5

she was convicted on the natural and probable consequences doctrine.  (See *Drayton*, *supra*, 47 Cal.App.5th at p. 980.)  As such, the court erred in denying defendant's petition for resentencing without issuing an order to show cause.

DISPOSITION

The trial court's postconviction order denying defendant's resentencing petition is reversed.  The matter is remanded with directions to issue an order to show cause and hold a hearing under section 1170.95, subdivision (d), as amended by Stats. 2021, ch. 551.


 


HULL, Acting P. J.


We concur:


MAURO, J.


DUARTE, J.